IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 5:09-cr-00616 EJD |
| Plaintiff(s), | **ORDER REQUESTING RESPONSE TO MOTION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| LINHBERGH CARLOS ARCEO, | [Docket Item No. 53] |
| Defendant(s). | |

Presently before the court is Defendant Linhbergh Carlos Arceo's ("Defendant") Motion pursuant to 28 U.S.C. § 2255 challenging the conviction and sentence imposed by Judge James Ware within the criminal matter captioned above. See Docket Item No. 53. Having reviewed Defendant's Motion in conjunction with the court's docket, the court will order Plaintiff United States of America ("Plaintiff") to file a response.

**I. BACKGROUND**

On November 1, 2010, Defendant plead guilty to one count of Conspiracy to Distribute 50 grams or more of Methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(viii). See Docket Item No. 36. Defendant executed a plea agreement (see Docket Item No. 35) and was thereafter sentenced to a prison term of 240 months. See Docket Item No. 45. Judgment was entered accordingly on March 4, 2011. See Docket Item No. 46. Defendant did not directly appeal from the Judgment. Instead, he filed the instant Motion on February 16, 2012.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside or correct a sentence by demonstrating (1) that the sentence was imposed in violation of the Constitution or laws of the United States, (2) that the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, or (4) that the sentence is otherwise subject to collateral attack. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b).

Section 2255(f) imposes a one-year statute of limitation for all motions brought under the statute. That section also provides:

> The limitation period shall run from the latest of -
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

For purposes of § 2255(f)(1), a judgment becomes "final" at the expiration of the time in which a direct appeal could be filed - ten days after entry of judgment - or ninety days after the circuit court issues its decision on a movant's direct appeal. United States v. Schwartz, 274 F.3d 1220, 1223 & n.1 (9th Cir. 2001); Carrington v. United States, 503 F.3d 888, 892 (9th Cir. 2007).

Here, as stated above, Defendant did not directly appeal from the Judgment. As such, the judgment of conviction became "final" on March 14, 2011. This motion, filed on February 16,

2012, therefore appears timely.

With respect to the substantive claims, Defendant contends (1) his plea waiver was defective, (2) his conviction and sentence are unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000), (3) he received ineffective assistance from his counsel, (4) the court miscalculated the sentence by admitting the probation officer's report and failing to consider certain "errors," and (5) the court violated his rights under the Fifth Amendment. Liberally construed, Defendant's claim appears cognizable under § 2255 and merits a response from Plaintiff. Accordingly, the court orders Plaintiff to respond to Defendant's claims and show cause why the motion should not be granted.

### III. ORDER

Based on the foregoing, the court orders as follows:

1. The Clerk shall serve by a mail a copy of this Order as well as a copy of Defendant's Motion and supporting materials upon the United States Attorney. The Clerk shall also serve a copy of this Order upon Defendant.

2. Plaintiff shall file with the court and serve on Defendant, **within sixty (60) days of the issuance of this order**, an Answer, showing cause why a writ of habeas corpus should not be granted.

3. If Defendant wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on Plaintiff **within thirty (30) days** of her receipt of the Answer.

4. Plaintiff may file a motion to dismiss on procedural grounds in lieu of an Answer within the same timeframe stated above. If Plaintiff files such a motion, Defendant shall file with the court and serve on Plaintiff an opposition or statement of non-opposition **within thirty (30) days** of receipt of the motion, and Plaintiff shall file with the Court and serve on Defendant a reply **within fifteen (15) days** of receipt of any opposition.

5. The court advises Defendant that it is his responsibility to prosecute this case. Defendant is reminded that any and all communications with the court must be served upon Plaintiff by mailing a copy of the document to Plaintiff. Defendant must also

keep the court and all parties informed of any change of address by filing a separate document captioned "Notice of Change of Address." Moreover, Defendant must comply with court orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 17, 2012



EDWARD J. DAVILA
United States District Judge