**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LINHBERGH CARLOS ARCEO, | Case No.: 5:09-CR-00616-EJD |
| Petitioner, | **ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | **[Re: Docket No. 53]** |

On February 16, 2012, Petitioner Linhbergh Carlos Arceo ("Petitioner"), appearing pro se, filed a motion pursuant to 28 U.S.C. § 2255 challenging his sentence on six grounds: (1) that his plea waiver was defective; (2) that his conviction and sentence are unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000); (3) that he received ineffective assistance from his counsel; (4) that the court miscalculated his sentence by admitting the probation officer's report and failing to consider certain errors; (5) that the court violated his rights under the Fifth and Eighth Amendments; and (6) that the court based its sentence on incorrect information contained in the presentencing report. See Mtn to Set Aside, Correct, or Vacate Sentence Pursuant to 28 U.S.C. § 2255 ("Petition,") No. 09-CR-00616-EJD, Dkt. No. 53. On April 17, 2012, this court issued an order directing the United States to respond. Dkt. No. 54. The United States filed its opposition on

1

June 18, 2012. Gov. Opp. to Petitioner's Petition to Vacate, Set Aside, or Correct the Sentence Pursuant to 28 U.S.C. § 2255, Dkt. No. 58. Petitioner did not file a reply. For the foregoing reasons the Petition is DENIED with prejudice.

## I. BACKGROUND

### A. The Indictment

On June 17, 2009, a grand jury issued an eleven-count indictment charging Petitioner with one count of conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii); four counts of distribution of 5 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii); four counts of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and two counts of felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). Indictment, Dkt. No. 3. After his arrest, Petitioner engaged in debriefings with agents for the FBI and the San Benito County Sheriff's office. During these debriefings, Petitioner provided information concerning his drug trafficking activities. Dkt. No. 58, at 4- 5. Based on the information obtained during these debriefings as well as an erroneous understanding that Petitioner qualified as a career offender, the Government agreed to allow Petitioner to plead guilty to conspiring to distribute 50 grams or more of methamphetamine and to dismiss the remaining charges. Id. at 5.

### B. Petitioner's Plea Agreement

On October 14, 2010, with the assistance of counsel, Petitioner executed a plea agreement, Dkt. No. 35, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). That rule states that where the parties "agree that a specific sentence…is the appropriate disposition of the case…such a recommendation or request binds the court once the court accepts the plea agreement." In relevant part, Petitioner's plea agreement provided:

> 1. I agree to plead guilty to count one of the captioned indictment charging me with conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii). … I agree that the maximum

2

Case No.: 5:09-CR-00616-EJD
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

penalties under 21 U.S.C. §§ 841(b)(1)(A)(viii) for a violation of count one of the captioned indictment are as follows:

    a. Maximum prison sentence — Life imprisonment
    b. Mandatory minimum prison sentence — 10 years
    c. Maximum fine — $4,000,000
    d. Maximum supervised release term — Life
    e. Minimum supervised release term — 5 years
    f. Mandatory special assessment — $100

…

2. I agree that I am guilty of the offense to which I will plead guilty…

…

4. I agree to give up my right to appeal my conviction, the judgment, and orders of the Court. I also agree to waive any right I may have to appeal any aspect of my sentence...

5. I agree to waive any right I may have to file any collateral attack on my conviction r sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or motion under 18 U.S.C. § 3582, at any time after I am sentenced, except that I reserve my right to claim that my counsel was ineffective in connection with the negotiation of this plea agreement or the entry of my guilty plea.

…

7. I agree that my sentence should be calculated pursuant to the Sentencing Guidelines. I understand that the Court, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing, together with the factors set forth in 18 U.S.C. § 3553(a). I also agree that the Sentencing Guidelines range will be calculated as follows and that I will not ask for any other adjustment to or reduction in the offense level or for a downward departure from the Guidelines range:

3

Case No.: 5:09-CR-00616-EJD
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

|   |   |   |
|---|---|---|
| a. | Base Offense Level, U.S.S.G. § 4B1.1 (Career Offender) | 37 |
| b. | Specific offense characteristics: | None |
| c. | Increase/decrease for role in the offense | None |
| d. | <u>Acceptance of Responsibility</u> … | -3 |
| e. | Adjusted offense level: | 34 |

8. I agree that a reasonable and appropriate disposition of this case, under the Sentencing Guidelines and 18 U.S.C. § 3353(a), and the sentence to which the parties have agreed, is as follows: At least 240 months imprisonment, but no greater than 262 months imprisonment, with the parties free to argue for any sentence within this range; 5 years of supervised release (with conditions to be fixed by the Court); a fine to be determined by the court; and $100 special assessment.

**C. Petitioner's Guilty Plea**

On November 1, 2010, pursuant to his binding plea agreement, Petitioner pleaded guilty in open court to conspiracy to distribute 50 grams or more of methamphetamine. <u>See</u> Minute Entry for proceedings held before Judge Hon. James Ware dated November 1, 2010, Dkt. No. 36. During the proceedings, the Government made a motion to dismiss Counts two through eleven, which the court took under submission until the time of sentencing. <u>Id.</u>

**D. The Presentencing Report**

After Petitioner entered his plea, the probation officer issued a presentence investigation report ("PSR"). That report stated that Petitioner's total offense level was 31, arrived at by taking a base offense of level 32, adding two levels pursuant to U.S.S.G. § 2D1.1(b)(1) based on Petitioner's possession of a loaded firearm, which was found, along with 5.6 grams of actual methamphetamine, in the car driven by Petitioner at the time of his arrest, and awarding a three level reduction for acceptance of responsibility. Petitioner was determined to have a criminal history of category V. Most notably, the PSR negated the parties' belief that Petitioner was a career offender pursuant to U.S.S.G. § 4B1, stating:

The USPO, on the other hand, determined that the defendant does NOT qualify as a career offender, but has the same BOL 32, using the drug quantity noted above. A 2-level upward adjustment is made, pursuant to § 2D1.1(b)(1), as Arceo possessed a firearm on July 12, 2008, when he was arrested with 15.6 grams of the methamphetamine actual used to establish the BOL. After a 3-level reduction for Acceptance of Responsibility, the defendant is left with a Total Offense Level 31. The USPO also calculated a CHC V, resulting in an advisory guideline imprisonment range of 168 to 210 months. After reviewing the draft presentence report (PSR), which was disclosed to the parties on December 15, 2010, the Government has conceded that Arceo does not qualify as a career offender. Nevertheless, the parties are bound by the range of 240 to 262 months.

Dkt. No. 58, at 7.

Noting that the resulting guidelines range was 168 to 210 months, the PSR stated that "there exist sufficient grounds for the Court to either depart upward, pursuant to U.S.S.G. § 4A1.3(a)(1), or to impose an upward variance, pursuant to 18 U.S.C. § 3553(a), in order to achieve the stipulated term of 240 months." Id. The report thus recommended a sentence of 240 months of imprisonment and 5 years of supervised release, as agreed to by the parties. Id.

### E. Petitioner's Sentencing

After receiving the PSR, both parties filed sentencing memoranda with the court. The Government's memorandum specifically noted that, contrary to the parties' prior understanding, Petitioner did not qualify as a career offender within the meaning of U.S.S.G. § 4B1.1. However, the Government requested that the court sentence Petitioner to the agreed upon sentence because Petitioner's criminal history category V substantially under-represented the seriousness of Petitioner's criminal history or the likelihood that he would commit other crimes. Petitioner did not seek to withdraw his plea prior to sentencing.

On February 28, 2011, the court held a sentencing hearing. During the hearing, Petitioner's counsel acknowledged that the 240-month sentence was "quite a long time to a 37 year old," but that "we're asking the Court to impose that sentence because it's the one we agreed to." Dkt No. 58

at 8. Petitioner's counsel did not request any reductions or downward departures other than Petitioner's request for clemency from the Court, nor did Petitioner move to withdraw his guilty plea. Id. The court found Petitioner's criminal history to be in category V, with a resulting range of 168 to 210 months. Id. at 9. However, the court upwardly adjusted the sentence to reflect the parties' agreement. At the request of the parties, the court imposed a sentence at the low end of the guideline range: 240 months of imprisonment and 5 years of supervised release. Id.; see Minute Entry for proceedings held before Judge Hon. James Ware dated February 28, 2011, Dkt. No. 45. The court also granted the Government's motion to dismiss the remaining counts. Id.

## II. LEGAL STANDARD

A motion to set aside, correct or vacate a sentence of a person in federal custody pursuant to 28 U.S.C. § 2255 entitles a prisoner to relief "[i]f the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). A court need not hold an evidentiary hearing where the prisoner's allegations, when viewed against the records, either do not state a claim for relief or are so palpably incredible as to warrant summary dismissal. United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996); Shah v. United States, 878 F.2d 1156, 1158 (9th Cir. 1989), cert. denied, 493 U.S. 869 (1989); United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984), cert. denied, 470 U.S. 1058 (1985). "Merely conclusory statements in a § 2255 motion are not enough to require a hearing." United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993); see also United States v. Howard, 381 F.3d 873, 877, 879 (9th Cir. 2004). While a petitioner is not required to allege facts in detail, he must make factual allegations. United States v. Hearst, 638 638 F.2d 1190, 1194 (9th Cir. 1980). Accordingly, an evidentiary hearing is required only if: (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files,

and record of the case cannot conclusively show that the petitioner is entitled to no relief. Howard, 381 F.3d at 877.

### III. DISCUSSION

#### A. Petitioner's Waiver of Rights

A defendant may expressly waive the statutory right to bring a § 2255 motion challenging the conviction or sentence. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992), cert. denied, 508 U.S. 979 (1993). Such a waiver will be valid if it is knowingly and voluntarily made. See United States v. DeSantiago-Martinez, 38 F.3d 394, 395 (9th Cir. 1992). One claim that cannot be waived, however, is that ineffective assistance of counsel rendered the waiver involuntary. Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005), cert. denied, 547 U.S. 1074 (2006).

Based on the language of the Plea Agreement, Petitioner has waived his right to petition under § 2255 on any basis other than ineffective assistance of counsel. Plea Agreement at ¶ 5, Dkt. No. 35. Nothing in the Plea Agreement suggests Petitioner's waiver was not entered into knowingly and voluntarily. Petitioner affirmed his plea was knowing and voluntary (Id. at ¶ 18), and specifically affirmed that he had adequate time to discuss the case, the evidence, and the plea agreement with his attorney (Id. at ¶ 16); that while considering signing the plea agreement, he was not under the influence of alcohol, drugs, or medication (Id. at ¶ 17); and that he was not coerced or threatened to enter into the agreement (Id. at ¶ 18). Accordingly, the Court will only consider Petitioner's claim that he was denied the effective assistance of counsel in entering into the Plea Agreement and in pleading guilty.

#### B. Ineffective Assistance of Counsel

Petitioner's claim of ineffective assistance of counsel is governed by the two-part test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). The Strickland test applies to a claim that a guilty plea was not knowing and voluntary. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). To prevail on his claim, Petitioner must show that (1) counsel's representation fell below the range of competence demanded of attorneys in criminal cases, and (2) there is a reasonable probability that,

7
Case No.: 5:09-CR-00616-EJD
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE
SENTENCE PURSUANT TO 28 U.S.C. § 2255

but for counsel's errors, the petitioner would not have pleaded guilty and would have insisted on going to trial. Id.

Petitioner first bears the burden of demonstrating that his counsel's representation fell outside the range of competence demanded of attorneys in criminal cases. Hill, 474 U.S. at 56. A court's scrutiny of an attorney's performance must be "highly deferential," and be based "on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 689-90. Petitioner here argues that his counsel fell below the objective standard of competence by failing to object to prejudicial evidence and by abandoning his duty of loyalty. However, Petitioner fails to allege any facts to support these contentions. While the court must afford flexibility to a pro se complainant's pleadings, the complaint must still provide fair notice of the claims and must allege enough facts to state the elements of each claim plainly and succinctly. Jones v. Comty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). The court cannot find that Petitioner has suffered from ineffective assistance of counsel without any information whatsoever suggesting that counsel's advice fell outside of "the range of competence demanded of attorneys in criminal cases." Hill, 474 U.S. at 56. Thus, the court finds that Petitioner has failed to meet his burden under the first prong of the Strickland test.

Even if Petitioner had alleged sufficient facts to satisfy this first prong, his Petition would ultimately fail because he has not demonstrated that he was prejudiced by any deficient representation he may have received. See Hill, 474 U.S. at 59. Petitioner was initially charged with eleven counts, altogether carrying a statutory maximum sentence of life imprisonment plus 80 years to be imposed consecutively for the possession of firearm charges. Dkt. No. 58 at 4. With the aid of counsel, Petitioner pleaded guilty to just one count, conspiracy to distribute 50 grams or more of methamphetamine. That count carried a maximum term of life imprisonment. But Petitioner, through the assistance of his counsel, bargained for a sentence of 240 to 262 months of imprisonment, plus five years supervised release and a mandatory $100 special assessment. Petitioner received the low end of this range: 240 months of imprisonment. Instead of facing life imprisonment, Petitioner stands to be released from prison when he is 57 years old. Given this

8
Case No.: 5:09-CR-00616-EJD
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

reality, Petitioner has failed to show that his "counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill, 474 U.S. at 59. Accordingly, Petitioner's ineffective assistance of counsel claim must fail.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Petitioner's Motion to Set Aside, Correct, or Vacate Sentence Pursuant to 28 U.S.C. § 2255 with prejudice. No certificate of appealability shall issue, as Petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2). The Clerk of the Court is directed to enter JUDGMENT FOR RESPONDENT and against Petitioner.

**IT IS SO ORDERED**

Dated: November 29, 2012

EDWARD J. DAVILA
United States District Judge

9

Case No.: 5:09-CR-00616-EJD
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255