1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney
2
   DAVID R. CALLAWAY (CABN 121782)
3  Chief, Criminal Division

4  J. DOUGLAS WILSON (DCBN 412811)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone: (415) 436-6778
7      FAX: (415) 436-7234
       Doug.wilson@usdoj.gov
8
   Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) No. CR 09-00616-001 EJD |
|---|---|
| Plaintiff, | ) |
| v. | ) UNITED STATES' PARTIAL OPPOSITION TO MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2) |
| LINHBERGH CARLOS ARCEO, | ) |
| Defendant. | ) |

By motion filed on July 19, 2016, the defendant, Lindbergh Carlos Arceo, moved for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 of the Sentencing Guidelines. Docket 69. Arceo seeks a reduction from the 240-month sentence that this Court imposed to a sentence of 140 months. The Probation Department prepared a Sentence Reduction Investigation Report stating that Arceo should receive a reduction to 175 months, at the high-end of amended Guidelines range. Because the Court imposed a sentence 30 months above the Guidelines range before Amendment 782, the government submits that the Court should likewise impose a sentence 30 months above the amended Guidelines range. For that reason, the government urges the Court to reduce Arceo's motion to 205 months. Accordingly, the government opposes in part Arceo's motion.

UNITED STATES' OPPOSITION
NO. CR 09-00616-001 EJD     1

## BACKGROUND

According to the Presentence Investigation Report (PSR), between March 1, 2008, and July 12, 2008, Arceo conducted three hand-to-hand sales of methamphetamine. In particular, on April 11, 2008 Arceo sold approximately 26 grams of methamphetamine (later determined to be 18.7 grams of actual methamphetamine) to an undercover informant for $1,700. During this transaction, Arceo displayed two handguns to the informant. On April 17, 2008, Arceo again displayed two firearms to the informant. On April 22, 2008, the informant bought 27.8 grams of methamphetamine (later determined to be 27.6 grams of actual methamphetamine) from Arceo. During this transaction, Arceo showed the informant five firearms and stated that he had the guns "[i]n case there was a problem" and "to make sure the transaction goes smooth." The informant photographed one of the guns. On May 22, 2008, Arceo sold the informant 12.8 grams of methamphetamine (later analyzed as 12.5 grams of actual methamphetamine). During this transaction, Arceo again displayed two firearms. On July 12, 2008, during a traffic stop, police officers found a loaded 9 mm handgun in defendant's vehicle. A more complete search of the vehicle yielded 15.6 grams (actual) of methamphetamine. Law enforcement officers also found a camera containing pictures of Arceo holding an AR-15, a TEC-9, a Kalashnikov rifle, and two handguns. On the same date, in a storage locker rented by Arceo's wife, officers found approximately 160 rounds of ammunitions. PSR ¶¶ 6-19.

On June 17, 2009, a grand jury in the Northern District of California returned an indictment charging Arceo with conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846 (Count One); four counts of distribution of five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a) (Counts Two to Five); four counts of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Counts Six to Nine), and two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Counts Ten and Eleven). Docket 3. On November 1, 2009, Arceo pleaded guilty to Count One of the indictment pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). *See* Exhibit 2 (plea agreement); Docket 35. In the plea agreement, Arceo agreed that he was a career offender under the Sentencing Guidelines, that his adjusted offense level was 34, and that he had a sentencing range of 262 to 327 months. Exhibit 2, ¶ 7. Arceo agreed to a sentence of at least 240

months, but no greater than 262 months' imprisonment. Exhibit 2, ¶ 8.

The PSR disagreed with the parties' calculation of the offense level as 34 and Arceo's admission that he was a career offender. Instead, the PSR determined that Arceo's offense level was 31 (after a three-level reduction for acceptance of responsibility). The PSR calculated Arceo's criminal history category as V. In support of Arceo's criminal history score, the PSR found that Arceo had the following adult convictions: a 1993 conviction for transporting, selling, or offering to sell marijuana; another 1993 conviction for transporting, selling, or offering to sell marijuana; a 1996 conviction for transporting, selling, or offering to sell a controlled substance; a 1999 conviction for manufacturing methamphetamine; a 2005 misdemeanor conviction for reckless driving; a 2006 misdemeanor conviction for driving with a suspended license; a 2006 infraction conviction for driving without a license; a 2008 conviction for having a concealed weapon in a vehicle; and a 2009 conviction for second-degree burglary. PSR ¶¶ 32-47. The PSR calculated Arceo's sentencing range under the Guidelines as 168 to 210 months. PSR ¶ 69. Like the parties, the PSR recommended a sentence of 240 months, noting that "[t]here exist sufficient grounds" for the Court to vary upward from the Guidelines range. Probation specifically relied on Arceo's criminal history, and it stated that Arceo "is fortunate to be facing *only* 240 months!"

On February 28, 2011, the Court (Hon. James Ware) imposed the 240-month sentence to which Arceo agreed and that the PSR recommended. *See* Exhibit 1 (Judgment and Commitment Order); Dockets 45-46. 68. At sentencing, the Court found that Arceo's offense level was 31, not 34, as he agreed in his plea agreement. *See* Docket 68 at 12. With a criminal history category of V, Arceo had a sentencing range of 168 to 210 months. After his conviction, Arceo filed a motion under 28 U.S.C. § 2255, which this Court denied on November 29, 2012. Dockets 53, 60. This Court later denied Arceo a certificate of appealability. Docket 63.

As noted, on June 19, 2016, Arceo sought a reduction in sentence under Section 3582(c)(2) to 140 months.[1] Probation prepared a Sentencing Reduction Investigation Report stating that Arceo was

---

[1] Arceo has set his motion for a hearing before this Court on August 8, 2016. The United States believes, however, that as this is approximately the fortieth motion under Amendment 782 that the Court has considered, no hearing is necessary.

eligible for a reduction under Section 3582(c)(2), and that the Court should reduce his sentence to the top of the amended Guidelines range, or 170 months.

## ARGUMENT

### A. Authority to Reduce a Sentence.

In Amendment 782 to the United States Sentencing Guidelines, effective November 1, 2014, the Sentencing Commission lowered the penalties for most drug offenses by reducing most offense levels on the 2D1.1 Drug Quantity Table by 2 levels. In Amendment 788, the Commission decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments that may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case. The version of Section 1B1.10 applicable to sentencing reductions under Amendment 782 was effective on November 1, 2014, and allows a court to grant a reduction in sentence as of November 1, 2015. Application note 8 (2014) provides: "the court shall use the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." Under Section 1B1.10: "In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement." § 1B1.10(a)(1).

### B. Procedure for Sentencing Reduction.

A defendant is eligible for a sentencing reduction if Amendment 782 is applicable to the defendant and lowers the defendant's previously calculated guideline range, and if the defendant did not previously receive a sentence at or below the bottom of the now-amended range (other than due to substantial assistance). Further, a proceeding under Section 3582(c)(2) is not a full resentencing

proceeding, § 1B1.10(a)(3), and does not permit reconsideration of other sentencing determinations not altered by the Guideline amendment.

In *Dillon*, the Supreme Court addressed the process for application of a retroactive Guideline amendment, emphasizing that Section 1B1.10 is binding. The Court declared: "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 821. The Court required district courts to follow a two-step approach:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Ibid.*
>
> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. § 1B1.10(b)(2)(A). . . .
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Dillon*, 560 U.S. at 827.

**C.  Arceo's sentence should be reduced only to 205 months.**

This Court initially found that Arceo had an offense level of 31, and that he fell into Criminal History Category V, for a sentencing range of 168 to 210 months. Nevertheless, the Court varied upward and imposed the 240-month sentence to which Arceo and the government agreed. That sentence was 30 months above the top of Arceo's Guidelines range. Under Amendment 782, Arceo's offense level is reduced by two levels to 29, and he remains in criminal history category V. The Guidelines sentencing range for offense level 29, criminal history category V, is 140 to 175 months. Accordingly, to be consistent with the sentence that the Court originally imposed, the Court should reduce Arceo's

sentence to 30 months above the amended Guidelines range, or 205 months.

A sentence of 205 months is consistent with Arceo's criminal history. As paragraph 87 of the PSR stated, an upward variance from the Sentencing Guidelines range remains warranted because reliable information indicates that criminal history category V substantially under-represents the seriousness of Arceo's criminal history and the likelihood that he will commit other crimes. Paragraphs 37, 38, 39, and 40 of the PSR each reflect convictions for felony drug offenses, none of which resulted in any criminal history points being assessed against Arceo. Arceo has demonstrated a pattern of selling drugs.

Probation, however, recommends a 170-month sentence. Its recommendation is as follows:

> A sentence at the high-end of the new guideline range of 175 months appears to be an appropriate sentence given the defendant's conduct in the instant offense, his criminal history consisting of mainly drug relating [sic] crimes, and the fact that the original sentence imposed in this case was 30 months above the high end of the guideline range.

Sentencing Reduction Investigation Report at 3.

Those reasons, however, take into account only the facts that the Court had before it at Arceo's original sentencing in February 2011 and contradict Probation's original recommendation. To reiterate, Probation recommended a sentence of 240 months, as the parties agreed, and it specifically noted that "[t]here exist sufficient grounds" for the Court to vary upward from the Guidelines range. In recommending a 240-month sentence, Probation cited Arceo's long criminal history, which Probation found had lasted 20 years and involved "very serious drugs and weapons offenses." Probation also noted that Arceo faced firearms offenses in the current indictment and found that he could have faced more than 240 months. Now, Probation is relying on the same facts – Arceo's criminal history and the nature of the offense for which he was sentenced – to justify a sentence at the top of the Guidelines range. Because Probation has not provided any basis for a 170-month sentence, this Court should reject its recommendation.

//

Arceo goes further and recommends a sentence of 140 months, the bottom of the amended Guidelines range, based on his conduct in prison. Good conduct in prison does not justify a 100-month reduction in sentence, especially after 20 years of, as Probation, found "very serious drugs and weapons offenses." Moreover, Arceo displayed firearms every time he sold drugs to the confidential informant, and he admitted that he possessed these firearms in furtherance of his drug-trafficking activity. If the defendant had pleaded guilty to two of the Section 924(c) offenses with which he was charged (and which he admitted committing) he would have faced at least 30 years in prison, and that term could not have been reduced by Amendment 782. *See* 18 U.S.C. § 924(c)(1)(A) & (C). Moreover, in his plea agreement, Arceo agreed that he was a career offender (which, if found by the Court, would have disqualified him from relief under Amendment 782), and he stipulated that the Court should impose a sentence of 240 months.

Arceo contends (Motion at 8) that his "early release poses no increased risk to public safety." But this assertion is pure speculation, and is, in any event, belied by the facts of his criminal history and offense. Arceo was willing to possess multiple firearms even though, as a convicted felon, he was not allowed to do so. Arceo's contention (Motion at 8) that he merely possessed the firearms "for defensive purposes" verges on the laughable: Arceo was a drug dealer who was ready to use firearms to protect his stash. There is nothing "defensive" about using guns against people who, for example, will not pay what you demand for illegal drugs. In sum, Arceo seeks a reduction in sentence that is more than five years greater than the government's recommendation, and he may pose a substantial risk to the public during that time.

Arceo also argues that his achievements in prison and his perfect disciplinary record support his release. In effect, Arceo seeks a substantial benefit for something that every inmate in BOP should aspire to; perfect conduct in prison should be (and often is) the norm. Moreover, the Bureau of Prisons gives good time credit for "satisfactory behavior" under 18 U.S.C. § 3624(b), and Arceo should not

receive a further reduction from this Court based on his prison conduct.

In sum, the Court previously imposed a sentence 30 months above the Guidelines range, and, accordingly, Arceo's sentence should be reduced to 205 months.

DATED: July 25, 2016

Respectfully submitted,

BRIAN J. STRETCH
United States Attorney


_____/s/_____
J. DOUGLAS WILSON
Assistant United States Attorney