UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>LINHBERGH CARLOS ARCEO,<br>Defendant. | Case No. 5:09-cr-00616-EJD-1<br><br>**ORDER DENYING DEFENDANT'S REQUEST FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 77 |

Defendant Linhbergh Carlos Arceo is an inmate in the custody of the Bureau of Prisons ("BOP") and is housed at FCI Seagoville in Seagoville, Texas. Due to the ongoing COVID-19 pandemic, Defendant requests that he be compassionately released from prison pursuant to 18 U.S.C. § 3582. *See* Formal Petition Seeking "Compassionate Release" ("Mot."), Dkt. 77; *see also* Reply in Support of Motion for Compassionate Release ("Reply"), Dkt. 84. The Government opposes this request. *See* United States' Opposition to Defendant's Motion for Compassionate Release from Custody ("Opp."), Dkt. 78. The Probation Office has provided the Court with a response to Defendant's application. The Court determines that the matter is suitable for a decision without a hearing and submits the matter on the papers. For the reasons provided below, the Court **DENIES** Defendant's motion for compassionate release.

**I.   BACKGROUND**

According to the Presentence Investigation Report ("PSR"), between March 1, 2008 and July 12, 2008, Defendant conducted three hand-to-hand sales of methamphetamine to an undercover informant. *See* Opp. at 1. During each sale, Defendant allegedly showed the informant that he was armed. *Id.* at 1–2. On July 12, 2008, during a traffic stop, police officers

Case No.: 5:09-cr-00616-EJD-1
ORDER DENYING DEFENDANT'S REQUEST FOR COMPASSIONATE RELEASE

1

found a loaded 9 mm handgun in Defendant's vehicle and 15.6 grams of methamphetamine. *Id.* at 1. Officers also found a camera containing pictures of Defendant holding an AR-15, a TEC-9, a Kalashnikov rifle, and two handguns. *Id.*

On June 17, 2009, a grand jury in the Northern District of California returned an indictment that charged Defendant with conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846 (Count One); four counts of distribution of five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a) (Counts Two through Five); four counts of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Counts Six to Nine); and two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Counts Ten and Eleven). Dkt. 3. On November 1, 2009, Defendant pled guilty to Count One of the Indictment. In the plea agreement, Defendant agreed to a sentence of at least 240 months and Judge Ware imposed a 240-month sentence. Dkts. 45–46, 48. Subsequently, in August 2016, after Defendant sought a reduction in his sentence, the undersigned reduced Defendant's sentence from 240 months to 160 months. Dkt. 74.

On April 6, 2020, Defendant requested from BOP a reduction in sentence or release to direct home confinement based on his risk for COVID-19. This request was denied on April 10, 2020. *See* Mot. at ECF 30–31. Presently, Defendant is incarcerated at Seagoville FCI, with a projected release date of July 29, 2021. *See* Opp. at 3. Defendant is a 46-year-old male, with a number of underlying health conditions—he suffers from lower back pain and lumbago, rhinitis, neuralgia neuritis, esophageal reflux, type-2 diabetes, hypertension, hyperlipidemia, gout, and extreme obesity. *See id.* at 3; Reply at 8.

## II. LEGAL STANDARD

18 U.S.C. § 3582(c) provides that a court may not modify a term of imprisonment once it has been imposed except "upon a motion of the Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring the motion on his

Case No.: 5:09-cr-00616-EJD-1
ORDER DENYING DEFENDANT'S REQUEST FOR COMPASSIONATE RELEASE
2

behalf, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).  Upon such a motion, a court may modify a defendant's sentence "after considering the factors set forth in § 3553(a) to the extent applicable" if it finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i).  The relevant Sentencing Commission policy statement sets forth several "extraordinary and compelling reasons." U.S. Sentencing Guidelines, § 1B1.13(1)(A) & cmt. 1.  Namely, whether the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13 cmt. 1(A)(ii). The Commission also requires that the defendant not pose a danger to the safety of the community. *Id.* § 1B1.13(2).

### III.   DISCUSSION

As the Government concedes, Defendant has satisfied the administrative exhaustion requirement. *See* Opp. at 3.  Therefore, the motion hinges on whether the risks presented by COVID-19, coupled with Defendant's health conditions, constitute "extraordinary and compelling reasons" for his release. *See United States v. Shields*, 2019 WL 2645028, at *2 (N.D. Cal. June 27, 2019).

The existence of the COVID-19 pandemic, without more, does not by itself constitute an "extraordinary and compelling reason" for release.  Likewise, the mere fact that Defendant suffers from chronic conditions is insufficient.  Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release. *United States v. Ayon-Nunez*, 2020 WL 704785, at *2–3 (E.D. Cal. Feb. 12, 2020).  Indeed, compassionate release is "rare" and "extraordinary;" the current national emergency does not change this. *See United States v. Mangarella*, 2020 WL 1291835, at *2–3 (W.D.N.C. Mar. 16, 2020) (noting that compassionate release is an extraordinary and rare event).  Hence, generalized concerns about COVID-19, without other factors showing *present* extraordinary and compelling reasons to warrant modification of a

Case No.: 5:09-cr-00616-EJD-1
ORDER DENYING DEFENDANT'S REQUEST FOR COMPASSIONATE RELEASE
3

sentence and immediate release from custody, are insufficient.  *See United States v. Eberhart*, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about *possible* exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence . . . ." (emphasis added)); *see also United States v. Robinson*, 2020 WL 1982872, at *2 (N.D. Cal. Apr. 27, 2020) (prison had nearly 100 confirmed coronavirus cases).

As Defendant concedes, Seagoville does not have *any* confirmed cases.  Reply at 8; *see also* Covid-19 Cases, https://www.bop.gov/coronavirus/ (last visited May 22, 2020).  Defendants risk of acquiring COVID-19 is thus merely hypothetical and without more particularized concerns, Defendant cannot meet 18 U.S.C. § 3582's requirements.  *See, e.g.*, *Eberhart*, 2020 WL 1450745, at *2.  The Court does not mean to minimize the risks that COVID-19 poses in the federal prison system, especially for inmates with underlying health conditions like Defendant.  But, as other courts have noted, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).  Defendant's motion for compassionate release is thus **DENIED.**

### IV.    CONCLUSION

For the above reasons, Defendant's motion for compassionate release is **DENIED.**  Nothing in this Order should be construed as preventing Defendant from refiling a motion for compassionate release in the event a COVID-19 outbreak occurs at the Seagoville prison.

**IT IS SO ORDERED.**

Dated: May 22, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:09-cr-00616-EJD-1
ORDER DENYING DEFENDANT'S REQUEST FOR COMPASSIONATE RELEASE
4