UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LINHBERGH CARLOS ARCEO,<br><br>Defendant. | Case No. 5:09-cr-00616-EJD-1<br><br>**ORDER GRANTING DEFENDANT'S REQUEST FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 88 |

Defendant Linhbergh Carlos Arceo is an inmate in the custody of the Bureau of Prisons ("BOP") and is housed at FCI Seagoville in Seagoville, Texas. Pursuant to the recent COVID-19 outbreak at Seagoville prison, Defendant renews his requests that he be compassionately released from prison pursuant to 18 U.S.C. § 3582. *See* Emergency Renewed Motion for Compassionate Release ("Renewed Mot."), Dkt. 88; *see also* Reply in Support of Emergency Motion for Compassionate Release ("Reply"), Dkt. 91. The Government argues that Defendant has not satisfied the administrative exhaustion requirement. *See* United States' Opposition for Lack of Jurisdiction to Defendant's Renewed Motion for Compassionate Release from Custody ("Opp."), Dkt. 90. The Probation Office has provided the Court with a response to Defendant's application. The Court determines that the matter is suitable for a decision without a hearing and submits the matter on the papers. For the reasons provided below, the Court **GRANTS** Defendant's motion for compassionate release.

Case No.: 5:09-cr-00616-EJD-1
ORDER GRANTING DEFENDANT'S REQUEST FOR COMPASSIONATE RELEASE
1

## I. BACKGROUND[1]

On April 27, 2020, Defendant filed his first Petition seeking compassionate release under 18 U.S.C. § 3582(c)(1) in consideration of COVID-19. *See* Dkt. 77. The Government opposed the motion and argued that the risks presented by COVID-19 did not constitute "extraordinary and compelling" reasons that justified Defendant's release. Dkt. 78 at 8–9. In particular, the Government argued that the BOP could adequately manage Defendant's chronic medical conditions and that Defendant did not meet the CDC's then-criteria for enhanced risk due to COVID-19. This Court ultimately agreed with the Government and found that, *at the time of the Order*, Defendant's risk of acquiring COVID-19 at Seagoville was merely hypothetical. Dkt. 86. Notably (and contrary to Defendant's renewed motion) the Court did not make any particularized findings about Defendant's chronic health conditions. *Id.* at 2. The Court did, however, state that nothing in its Order should be construed as preventing Defendant from refiling a motion for compassionate release in the event of changed circumstances. *Id.* at 4.

On June 29, 2020, Defendant filed a second, or "renewed," motion for compassionate release based on the new (and alarming) COVID-19 outbreak at Seagoville. Defendant also identifies his Type-2 diabetes mellitus, obesity, and hypertension as risk factors now identified by the CDC. Renewed Mot. at 2–3. The Government argues that the Court lacks jurisdiction to consider the motion because Defendant failed to administratively exhaust the petition. Opp. at 2–3.

## II. LEGAL STANDARD

18 U.S.C. § 3582(c) provides that a court may not modify a term of imprisonment once it has been imposed except "upon a motion of the Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring the motion on his behalf, or after "the lapse of 30 days from the receipt of such a request by the warden of the

---

[1] The Court refers the Parties to the Court's earlier compassionate release order for Defendant's criminal history.

Case No.: 5:09-cr-00616-EJD-1
ORDER GRANTING DEFENDANT'S REQUEST FOR COMPASSIONATE RELEASE
2

defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Upon such a motion, a court may modify a defendant's sentence "after considering the factors set forth in § 3553(a) to the extent applicable" if it finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i). The relevant Sentencing Commission policy statement sets forth several "extraordinary and compelling reasons." U.S. Sentencing Guidelines, § 1B1.13(1)(A) & cmt. 1. Namely, whether the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13 cmt. 1(A)(ii). The Commission also requires that the defendant not pose a danger to the safety of the community. *Id.* § 1B1.13(2).[2]

### III.  DISCUSSION

First, the Court finds that because this is a renewed motion, Defendant has exhausted his administrative remedies. *See United States v. Vo*, 2020 WL 2300101, at *2 (N.D. Cal. May 7, 2020). The Court specifically instructed Defendant that if changed circumstances occurred, he could repetition this Court for relief. Accordingly, because more than thirty days have lapsed since Defendant petitioned the Warden for a commutation or reduction in sentence, exhaustion is not a barrier to this Court's jurisdiction. Therefore, the motion hinges on whether the risks presented by COVID-19, coupled with Defendant's health conditions, constitute "extraordinary and compelling reasons" for his release. *See United States v. Shields*, 2019 WL 2645028, at *2 (N.D. Cal. June 27, 2019).

Seagoville is currently battling one of the most serious COVID-19 outbreaks in the nation—it has the highest number of positive inmates of all the federal prisons. *See COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited July 15, 2020) (949 positive inmate cases at Seagoville FCI). In May, when Defendant's first compassionate release motion was denied,

---

[2] The Government concedes that Defendant does not present a danger to the community. Opp. at 11.

Case No.: 5:09-cr-00616-EJD-1
ORDER GRANTING DEFENDANT'S REQUEST FOR COMPASSIONATE RELEASE
3

Seagoville did not have a single confirmed COVID-19 case. *See* Dkt. 86 at 4. As of today, there are almost a thousand confirmed coronavirus cases. *See COVID-19 Live Updates: North Texas Prison Has More Cases Than Any Other U.S. Federal Prison*, KERA NEWS (last updated July 15, 2020), https://www.keranews.org/post/covid-19-live-updates-north-texas-prison-has-more-cases-any-other-us-federal-prison. Notably, when Defendant filed his renewed motion two weeks ago, there were only 61 reported cases. Alarmingly, "a freezer [has] been installed in the yard." Renewed Mot. at 2. The quadrupling of the COVID-19 numbers at Seagoville plainly reflect that BOP is not undertaking effective, additional emergency measures to slow the spread of the virus at the facility.

As the Government concedes, Defendant "may suffer if he did contract the virus due to his personal medical conditions." Opp. at 10. Indeed, Defendant's hypertension, type 2 diabetes mellitus, and obesity place him at an elevated risk for severe COVID-19 complications. *See Coronavirus Disease 2019 (COVID-19)*, CDC (last updated June 25, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html. The critical situation at Seagoville, combined with Defendant's compromised health, constitute "extraordinary and compelling reasons" that justify his immediate release. *See United States v. Robinson*, 2020 WL 1982872, at *3 (N.D. Cal. Apr. 17, 2020).

### IV.  CONCLUSION

For the above reasons, Defendant's motion for compassionate release is **GRANTED** and the BOP is directed to release Defendant immediately. His sentence of imprisonment is modified to time served. However, the remaining portion of the original term of imprisonment (until August 12, 2021), shall be served as supervised release with the special condition that Defendant shall be subject to home confinement at his mother's home in Fontana, California during this period. Defendant shall then complete the five-year term of supervised release imposed in the original sentence. Upon his release and during his term of home confinement, Defendant will

Case No.: 5:09-cr-00616-EJD-1
ORDER GRANTING DEFENDANT'S REQUEST FOR COMPASSIONATE RELEASE
4

satisfy the 14-day self-quarantine requirement. The Government shall serve a copy of this order on the Warden at Seagoville Prison.

**IT IS SO ORDERED.**

Dated: July 15, 2020

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:09-cr-00616-EJD-1
ORDER GRANTING DEFENDANT'S REQUEST FOR COMPASSIONATE RELEASE
5